UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TALIB ALIBEG, #674373,

    Petitioner,

v.

STEVEN RIVARD,

    Respondent.
_____/

Civil No. 2:10-CV-14597
HONORABLE NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS**

Talib Alibeg, ("Petitioner"), presently confined at the St. Louis Correctional Facility in St. Louis, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his convictions for three counts of first-degree criminal sexual conduct, M.C.L.A. 750.520b(1)(a); and three counts of second-degree criminal sexual conduct, M.C.L.A. 750.520c(1)(a). For the reasons stated below, the petition for writ of habeas corpus is DENIED.

**I. Background**

Petitioner was convicted of the above offenses following a jury trial in the Wayne County Circuit Court. This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

Defendant was convicted of sexually abusing sisters AN and AY between

1

> January 1, 2005, and August 5, 2007.  AN and AY were nine and seven years old, respectively, at the time of trial.
> \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
> [A] statement made by one of the victims, AY, to a friend [was] that defendant had pulled down her pants.
> \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
> An examining physician also testified that AY had stated that defendant had pulled down her pants and touched her.
> \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
> Two police officers testified that defendant confessed to touching AY's vaginal region.

*People v. Alibeg,* No. 284250, * 1-2 (Mich.Ct.App. June 18, 2009).

In addition to the facts recited by the Michigan Court of Appeals, the Court also adds additional material facts of the case as gleaned from the record.  Both of the victims testified that petitioner inserted his fingers into the area where "pee" comes out. (Tr. 12/17/2007 pp. 40-45,81, 119-120, 139). Aman testified he used the "tip of the fingers" and it "felt like I had to go to the bathroom." *Id.* Amany testified that he touched her "sometimes in the inside and sometimes on the outside." *Id.* at 139.  While playing, Aman divulged the incidents to another girl, Aliyah Albanna. (Tr. 12/18/2007 p. 9).  Aliyah, disbelieving the statement, went immediately into the house to ask Amany who "says the same thing." *Id. at* 11.  Aliyah reported the incidents to her father when petitioner asked that she come to his unit to help him with the sink, which made her fearful due to the claims made earlier by the two sisters. *Id.* at 12.

Petitioner's conviction was affirmed on appeal. *People v. Alibeg,* No. 284250 (Mich.Ct.App. June 18, 2009). *lv. den.* 485 Mich. 976 (2009).

Petitioner seeks a writ of habeas corpus on the following grounds:

2

I. PETITIONER'S SIXTH AND FOURTEENTH AMENDMENT RIGHTS TO CONFRONTATION AND TO A FAIR TRIAL WERE DENIED WHEN DEVASTATING AND COMPLETELY UNRELIABLE HEARSAY STATEMENTS OF HEARSAY STATEMENTS MADE BY COMPLAINING WITNESS [AY][1] AMANY ALHAJAJI TO WITNESS ALIYAH ALBANNA [WERE ADMITTED].

II. THE TRIAL COURT DENIED PETITIONER DUE PROCESS AND A FAIR OPPORTUNITY TO PRESENT HIS DEFENSE, WHEN IT PREVENTED DEFENSE COUNSEL FROM ADMITTING PRIOR INCONSISTENT SWORN STATEMENTS OF BOTH COMPLAINANTS, WHERE THE PRIOR TESTIMONY CONTRADICTED THEIR TRIAL TESTIMONY OF PETITIONER'S ACTIONS AS THE OFFENDER.

III. THE TRIAL COURT VIOLATED PETITIONER'S DUE PROCESS RIGHTS BY PREVENTING DEFENSE COUNSEL FROM IMPEACHING COMPLAINANT [AN] AMAN ALHAJAJI WITH PRIOR INCONSISTENT STATEMENTS.

IV. THE COURT VIOLATED PETITIONER'S DUE PROCESS RIGHTS BY IMPOSING A SENTENCE BASED ON INACCURATE INFORMATION.

V. THE COURT VIOLATED PETITIONER'S DUE PROCESS RIGHTS BY IMPOSING A SENTENCE WHICH IS CRUEL AND UNUSUAL.

## II.  Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:
> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
>> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the

---

[1] The initials for both victims' names are AA. The state court of appeals referred to the victims as AN and AY which are the first and last letters of the victims' first names.

> Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court has explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 130 S.Ct. 1855, 1862 (2010)(quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (*per curiam*)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S.Ct.770, 786 (2011)(citing *Yarborough v.*

4

*Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)). Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.*

"[I]f this standard is difficult to meet, that is because it was meant to be." *Harrington,* 131 S. Ct. at 786. Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. *Id.* Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* (citing *Jackson v. Virginia,* 443 U.S. 307, 332, n. 5 (1979)(Stevens, J., concurring in judgment)). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 131 S. Ct. at 786-87.

5

### III. Discussion

**A. Claim # 1. The right to confrontation claim.**

Petitioner first argues that the statements by Amany, or Aliyah Albanna's testimony pertaining to the statements, were hearsay and violated his right to confrontation. Aliyah Albanna testified that while playing, Aman spontaneously told her that "they stopped at the [petitioner's] door because he called them and he pulled down their pants." (Tr. 12/18/2007 pp. 9-10). Amany was in the house and when Aliyah when to see if the statement was true, Amany told her "the same thing." *Id.* at 11. Petitioner also states that because the statement was not given at a previous proceeding where cross-examination was afforded, it should have been excluded at trial as being inherently unreliable. The Michigan Court of Appeals found that the trial court did not abuse its discretion by admitting the statement and if improperly admitted, the error was harmless because it was not outcome determinative:

> I. Hearsay Evidence
>
> Defendant first argues that the trial court erred in admitting a statement made by one of the victims, AY, to a friend that defendant had pulled down her pants. The trial court admitted the statement under MRE 803A.
> We review for an abuse of discretion a trial court's decision whether to admit evidence under a hearsay exception. *People v Stamper*, 480 Mich 1, 4; 742 NW2d 607 (2007). An abuse of discretion occurs when a trial court's decision is outside the range of principled outcomes. *People v Blackston*, 481 Mich 451, 460; 751 NW2d 408 (2008). Issues involving the construction of an evidentiary rule are reviewed de novo. *People v Dobek*, 274 Mich App 58, 93; 732 NW2d 546 (2007).
>
> MRE 803A provides, in pertinent part:
>
> A statement describing an incident that included a sexual act

6

performed with or on the declarant by the defendant or an accomplice is admissible to the extent that it corroborates testimony given by the declarant during the same proceeding, provided:

    (1) the declarant was under the age of ten when the statement was made;
    (2) the statement is shown to have been spontaneous and without indication of manufacture;
    (3) either the declarant made the statement immediately after the incident or any delay is excusable as having been caused by fear or other equally effective circumstance; and
    (4) the statement is introduced through the testimony of someone other than the declarant.

Defendant asserts that AY's statement was not admissible under this rule because it did not describe an incident that included a sexual act and it was not "without indication of manufacture."

    To be admissible under MRE 803A, it is not necessary that the statement describe a sexual act. Rather, the statement must describe "an incident" that included a sexual act. In this case, the statement described an incident (i.e., defendant pulling down AY's pants), which AY's testimony indicated included a sexual act, namely, defendant touching AY's vaginal area with his fingers. Further, the sole basis for defendant's argument that the statement was not shown to have been "without indication of manufacture" is that there was a delay in disclosure. However, the effect of a delay in making a statement is addressed in MRE 803A(3), which provides that a delay does not preclude admissibility if the delay is excusable as having been caused by fear or other equally effective circumstance. In this case, the trial court found that the delay was excusable because AY testified that she feared being punished by her father. We therefore conclude that the trial court did not abuse its discretion in admitting AY's statement under MRE 803A.

Moreover, even if the statement was improperly admitted, the error was harmless because it is not more probable than not that the statement was outcome determinative. *People v Miller*, 482 Mich 540, 559; 759 N.W. 2d 850 (2008). The statement was cumulative to other properly admitted testimony. An examining physician also testified that AY had stated that defendant had pulled down her pants and touched her. In addition, although there were some inconsistencies in AY's testimony, she did not waver on whether defendant touched her. Further, contrary to what defendant asserts, this case was not a mere credibility contest between defendant and the victims. Two police officers testified that defendant confessed to touching AY's vaginal region. Under the circumstances, any error in admitting AY's statement to her friend was harmless. See *People v Meerboer*, 181 Mich App 365, 373-374; 449 NW2d 124 (1989).

7

*Alibeg, Slip Op.* at 1-2.

It is "not the province of a federal habeas court to reexamine state-court determinations on state-court questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). A federal court is limited in federal habeas review to deciding whether a state court conviction violates the Constitution, laws, or treaties of the United States. *Id.* Thus, errors in the application of state law, especially rulings regarding the admissibility of evidence, are usually not questioned by a federal habeas court. *Seymour v. Walker*, 224 F. 3d 542, 552 (6th Cir. 2000).

The admissibility of evidence under Michigan's hearsay rules is not cognizable in a habeas corpus proceeding. See *Byrd v. Tessmer*, 82 Fed.Appx. 147, 150 (6th Cir. 2003); See also *Rhea v. Jones*, 622 F. Supp. 2d 562, 589 (W.D. Mich. 2008); *Cathron v. Jones*, 190 F. Supp. 2d 990, 996 (E.D. Mich. 2002)(petitioner's claim that state court erred in admitting hearsay testimony under state evidentiary rule governing declarations against penal interest not cognizable in federal habeas review, where the claim alleged a violation of state law, not a violation of federal constitutional rights). The admission of this evidence in violation of Michigan's rules of evidence would not entitle petitioner to relief.

The admission of a prior consistent statement when the declarant is available for cross-examination at trial, as was the case here, is not a question that rises to the level of a constitutional violation for purposes of habeas corpus relief. See *United States ex. rel. Gonzalez v. DeTella*, 918 F. Supp. 1214, 1222 (N.D. Ill. 1996)(internal citations omitted). Indeed, there is no violation of the Sixth Amendment's Confrontation Clause when the witness testifies at trial and is subject to unrestricted cross-examination. *United States v. Owens*, 484 U.S. 554, 560 (1988); See also *Crawford v. Washington*, 541 U.S. 36, 59, n.

8

9 (2004); *U.S. v. Mayberry*, 540 F. 3d 506, 516 (6th Cir. 2008). As the Supreme Court has explained, "where the declarant is not absent, but is present to testify and to submit to cross examination, our cases, if anything, support the conclusion that the admission of his out of court statements does not create a confrontation clause problem." *California v. Green*, 390 U.S. 149, 162 (1970). In this situation, "the traditional protections of the oath, cross-examination, and opportunity for the jury to observe the witness' demeanor satisfy the constitutional requirements." Owens, 484 U.S. at 560 (internal citations omitted). When a declarant's out-of-court statement is admitted at a criminal defendant's trial, "the question is whether defendant has the opportunity to cross-examine the declarant at trial." *Strayhorn v. Booker*, 718 F. Supp. 2d 846, 867 (E.D. Mich. 2010)(emphasis original). Because both Aliyah and Aman testified at petitioner's trial and were subject to cross-examination, the admission of the out of court statements did not violate petitioner's Sixth Amendment right to confrontation. See *Shannon v. Berghuis*, 617 F. Supp. 2d 596, 604 (W.D. Mich. 2008).

Petitioner's claim about the admission of prior consistent statements that Amany made to Aliyah involves at best an error of state law that is not cognizable in federal habeas review. See *Regan v. Hoffner*, 209 F. Supp. 2d 703, 715 (E.D. Mich. 2002). Because both the victim and the declarant were subject to cross-examination at petitioner's trial, the admission of the statements presented no Confrontation Clause problems. *Id*. The admission of the victim's prior consistent statements did not deprive petitioner of a fundamentally fair trial, therefore, petitioner is not entitled to habeas relief on his first claim. See *Benton v. Booker*, 403 Fed.Appx. 984, 986 (6th Cir. 2010).

### B. Claims # 2 and 3. Admission of prior inconsistent statements.

The Court will address petitioner's second and third claims together for judicial

clarity. Petitioner contends that the trial court erred by 1) denying trial counsel's request to admit, as substantive evidence, the prior statements made at the preliminary examination which had been utilized at trial for impeachment and 2) preventing defense counsel from impeaching Aman Alhajaji with prior inconsistent statements entered into evidence pertaining to whether one or two fingers had been used to penetrate the complainant.

The Michigan Court of Appeals considered and denied claim two on the merits:

> II. Prior Inconsistent Statements
>
> Defendant next argues that the trial court erred in refusing to admit certain statements made by the victims at the preliminary examination pursuant to MRE 801(d)(1)(A) and MRE 613(b). MRE 801(d)(1)(A) provides that a prior inconsistent statement is not hearsay, and thus admissible as substantive evidence, if the declarant testifies at the trial or hearing, is subject to cross-examination concerning the statement, and the prior statement is inconsistent with the declarant's testimony, which was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition. MRE 801(d)(1)(A); *People v Malone*, 445 Mich 369, 376-378, 381-382; 518 NW2d 418 (1994).
>
> Defense counsel sought to admit a prior statement by AY regarding whether her mother examined her private parts before she went to the police station. He sought to admit four prior statements regarding the other victim, AN, pertaining to (1) the length of time defendant lived above her, (2) when defendant called her, (3) the number of fingers defendant used to touch her, and (4) whether she was afraid of her father. The trial court found that the victims' statements were not inconsistent because they testified at trial that they did not remember their preliminary examination testimony.
>
> Relying on *People v Chavies*, 234 Mich App 274; 593 NW2d 655 (1999), overruled on other grounds*, People v Williams*, 475 Mich 245; 716 NW2d 208 (2006), defendant argues that the victims' "I don't remember" or "I don't know" answers constituted inconsistent statements. The trial court and defendant's focus on the victims' memory regarding their preliminary examination testimony is misplaced. The relevant inquiry is whether the victims' testimony at trial regarding the matters on which they were examined was inconsistent with their preliminary examination testimony. Here, the victims gave specific answers at trial regarding the matters on which they were examined. Thus, this case is distinguishable from *Chavies* in which the witnesses asserted lack of memory at trial regarding the matter

about which they gave detailed information to a grand jury. Looking at the substance of the victims' testimony that defendant sought to admit, in all but one instance the victims' trial testimony was directly contrary to their preliminary examination testimony.1 Therefore, the trial court erred in ruling that the inconsistent prior statements were not admissible as substantive evidence.

FOOTNOTES
1 AN's trial testimony that she did not disclose the abuse because she was afraid that her father would punish her was not inconsistent with her preliminary examination testimony that she was not afraid of him while he questioned her about the abuse, because these statements involved different timeframes.

However, the error was harmless. On appeal, defendant asserts that he sought to have the statements admitted as substantive evidence in order to prove that the victims could not consistently testify about exactly what happened and thus, could not reliably testify that defendant committed the alleged acts. As substantive evidence, the preliminary examination testimony could be used to prove the truth of the matters asserted in the statements. MRE 801(c); MRE 801(d)(1)(A). At trial, defendant impeached the victims with their preliminary examination testimony, raising the question of their credibility for the jury. We fail to see how admitting the victims' preliminary examination statements as substantive evidence would have furthered defendant's goal of showcasing the victims' alleged shaky credibility. Despite defense counsel's questions, the jury chose to believe the victims. Defendant has not shown that it is more probable than not that the error was outcome determinative. *Miller*, supra at 559.

*Alibeg,* Slip. Op. at * 3-4.

Even though the trial court did not allow defense counsel to submit prior inconsistent preliminary examination testimony as substantive evidence, it did allow the victims to be impeached with their prior inconsistent statements. (T. 12-17-07, pp. 59, 70, 81-83, 100-101). Defense counsel also argued these inconsistent statements in his closing argument:

I was using the preliminary exam transcript to ask the girls questions about what it is that they said. These transcripts were not admitted into evidence, but the questions were asked and the children answered. Sometimes they answered consistent with what they said. Sometimes they did not. When they did not I read it to them. I asked them a question, is that what you said, and they said, I don't remember, I don't know. Over thirty times the girls said, I don't remember, and, I don't know. Are you going to convict based on that? (T. 12-20-07, pp. 33-34).

Furthermore, the trial court instructed the jury as follows:

>   There has been some evidence that a witness, Aman Alhajaji and/or Amany Alhajaji made an earlier statement that did not agree with her testimony during trial. You must be very careful about how you consider this evidence. The statement was not made during this trial so you must not consider it when you decide whether the elements of the crime have been proven.
>   On the other hand, you may use it to help you decide whether you think a witness is truthful. Consider the statement carefully. Ask yourself if the witness made the statement, whether it was true and whether it differs from the witness's testimony here in court. Then remember that you may only use it to help you decide whether you believe the witness's testimony here in court.
>   However, if the witness testified that the earlier statement was true or if the earlier inconsistent statement was given under oath subject to the penalty of perjury at trial, hearing or preliminary examination it may be considered as proof of the facts in the statement. (T. 12-20-07, 44-45).

Although the Michigan Court of Appeals agreed that the statements should have been admitted as substantive evidence, the court found that the error was harmless and would not have effected the outcome, since defense counsel had impeached the victims with their testimony. Petitioner alleges that the testimony of the complainants "was essentially a typical one-on-one credibility contest between the complainants and Petitioner Alibeg," however, Lieutenant Myres also testified that petitioner admitted to him that he touched Aman Alhajaji between the lips of the vagina and that he watched as petitioner dropped to his knees asking for help. (Tr. 12/18/2007 p. 141-144). Aliyah Albanna testified that when petitioner asked her to come into his house to help him fix a sink, she became fearful and confided in her father. Counsel presented the inconsistencies found within the testimony given by the victims and reminded the jury of the inconsistencies during closing argument. When considering the totality of the evidence presented, the jury still chose to believe the complainants. Petitioner thus had a meaningful opportunity to present a complete defense at trial. See, e.g., *Wynne v. Renico*, 606 F.3d 867, 870–71 (6th Cir.2010) (state trial court did not violate petitioner's right to present a defense at murder trial by

excluding propensity evidence of third party guilt where defendant had opportunity to present other, proper evidence in support of defense theory). *Chahine v. McQuiggin*, No. 2:09–CV–11419; 2012 WL 2094407, * 9 (E.D. Mich. June 11, 2012)(even if witness' prior inconsistent statements were not admitted as substantive evidence, petitioner had meaningful opportunity to present defense when prior inconsistent statements were admitted to impeach witness' testimony). Petitioner is not entitled to relief on his second claim.

Petitioner's third allegation that "there is a real likelihood that with introduction of the full substance of Aman's testimony before and during trial, the jury would have found reasonable doubt as to the charges," is also without merit for the reasons stated above. Although the excerpts of the transcripts were not admitted as exhibits, defense counsel was permitted to impeach Aman Alhajaji with her prior testimony. Thus, the jury was made aware that Aman gave prior inconsistent testimony at Alibeg's trial, and petitioner's right to present a defense was not violated. See *e.g. Anthony v. Perry*, No. 5:10–CV–14474; 2012 WL 5265784, * 6 (E.D. Mich. October 24, 2012). Any error committed in failing to admit the statements as substantive evidence was harmless, therefore, petitioner is not entitled to relief on his second and third claims.

### C. Claims # 4 and 5. The sentencing claims.

Petitioner alleges that the court violated his due process rights by 1) imposing a sentence based on inaccurate information and 2) imposing a sentence that was cruel and unusual.

The Court will consolidate petitioner's fourth and fifth claims together for judicial economy. It is "not the province of a federal habeas court to reexamine state-court

determinations on state-court questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). A federal court is limited in federal habeas review to deciding whether a state court conviction violates the Constitution, laws, or treaties of the United States. *Id.* Thus, errors in the application of state law are usually not questioned by a federal habeas court. See e.g. *Stephenson v. Renico*, 280 F. Supp. 2d 661, 666 (E.D. Mich. 2003).

Petitioner's claim that the state trial court incorrectly scored or calculated his sentencing guidelines range under the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review, because it is a state law claim. See *Tironi v. Birkett*, 252 Fed. Appx. 724, 725 (6th Cir. 2007); *Howard v. White*, 76 Fed. Appx. 52, 53 (6th Cir. 2003); See also *Haskell v. Berghuis*, 695 F. Supp. 2d 574, 598 (E.D. Mich. 2010); *Coy v. Renico*, 414 F. Supp. 2d 744, 780 (E.D. Mich. 2006). "Petitioner has no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence." See *Mitchell v. Vasbinder*, 644 F. Supp. 2d 846, 867 (E.D. Mich. 2009)(citing *Shanks v. Wolfenbarger*, 387 F. Supp. 2d 740, 752 (E.D. Mich. 2005)). "[I]n short, petitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004). Any error by the trial court in calculating his guideline score or in departing above his sentencing guidelines range alone would not merit habeas relief. *Id.* Petitioner is not entitled to habeas relief on his fourth claim.

Petitioner next alleges that the sentence as imposed constitutes cruel and unusual punishment and that there were substantial and compelling reasons to depart from the mandatory minimum sentence.

A sentence imposed within the statutory limits is not generally subject to habeas

14

review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). A sentence within the statutory maximum set by statute does not normally constitute cruel and unusual punishment. *Austin v. Jackson*, 213 F. 3d 298, 302 (6th Cir. 2000); See also *Foster v. Withrow*, 159 F. Supp. 2d 629, 645 (E.D. Mich. 2001). Claims which arise out of a state trial court's sentencing decision are not normally cognizable on federal habeas review, unless the habeas petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. See *Vliet v. Renico*, 193 F. Supp. 2d 1010, 1014 (E.D. Mich. 2002).

Moreover, the U.S. Constitution does not require that sentences be proportionate. In *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991), a plurality of the U.S. Supreme Court concluded that the Eighth Amendment does not contain a requirement of strict proportionality between the crime and sentence. The Eighth Amendment forbids only extreme sentences that are grossly disproportionate to the crime. *Harmelin*, 501 U.S. at 1001.

Successful challenges to the proportionality of a particular sentence in non-capital cases are "exceedingly rare." *Rummel v. Estelle*, 445 U.S. 263, 272 (1980). Federal courts will therefore not engage in a proportionality analysis except where the sentence imposed is death or life imprisonment without parole. See *United States v. Thomas*, 49 F. 3d 253, 261 (6th Cir. 1995); *Vliet*, 193 F. Supp. 2d at 1015.

In this case, petitioner's sentence of 13 to 20 years for 3 counts of Criminal Sexual Conduct, first degree (CSC I) and 5-15 years for 3 counts of second degree Criminal Sexual Conduct (CSC II) was within the statutory maximum for these offenses. Morever, because the U.S. Supreme Court in *Harmelin* concluded that a sentence of life

imprisonment without parole for the offense of possession of more than 650 grams of cocaine was constitutional, this Court concludes that Petitioner's concurrent sentences of 13-20 years for 3 counts of CSC I and 5-15 years for CSC II is not extreme or grossly disproportionate to the offense or to the offender. *Welch v. Burke*, 49 F. Supp. 2d 992, 1010 (E.D. Mich. 1999).

To the extent that petitioner is arguing that the trial court failed to afford him individualized consideration of mitigating evidence on his behalf, this claim fails because the U.S. Supreme Court has limited its holding concerning mitigating evidence to capital cases. *Alvarado v. Hill*, 252 F. 3d 1066, 1069 (9th Cir. 2001)(citing to *Harmelin v. Michigan*, 501 U.S. at 996). Because petitioner had no constitutional right to an individualized sentence, no constitutional error would occur if the state trial court failed to consider mitigating evidence on his behalf at sentencing. *Hastings v. Yukins*, 194 F. Supp. 2d 659, 673 (E.D. Mich. 2002). Petitioner is therefore not entitled to habeas relief on his fifth claim.

## IV. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the

constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right with respect to any of the claims. *Dell v. Straub,* 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Id.*

## V. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: August 30, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 30, 2013, by electronic and/or ordinary mail.

s/Johnetta M. Curry-Williams
Case Manager
Acting in the Absence of Carol A. Hemeyer

17